# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS UNITED,<br>1006 Pennsylvania Avenue, S.E.<br>Washington, DC 20003,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF STATE,<br>The Executive Office<br>Office of the Legal Adviser, Suite 5.600<br>600 19th Street NW<br>Washington, DC 20522,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 21-1662<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Citizens United brings this action against Defendant the United States Department of State ("State Department") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Citizens United is a Virginia non-stock corporation with its principal place of business in Washington, D.C. Citizens United is organized and operated as a non-profit membership organization that is exempt from federal income taxes under Section 501(c)(4) of

1

the U.S. Internal Revenue Code. Citizens United seeks to promote social welfare through informing and educating the public on conservative ideas and positions in issues, including national defense, the free enterprise system, belief in God, and the family as the basic unit of society. In furtherance of those ends, Citizens United produces and distributes information and documentary films on matters of public importance. Citizens United regularly requests access to the public records of federal government agencies, entities, and offices, to disseminate its findings to the public through its documentary films and publications.

4. Defendant, the United States Department of State, is an agency of the United States Government and is headquartered at 2201 C Street N.W., Washington, D.C. 20520. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. Citizens United routinely submits FOIA requests, and this matter concerns a FOIA request submitted to Defendant on April 8, 2021, regarding a topic of extreme public importance, to which Defendant has failed to respond.

6. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to Citizens United's FOIA requests within 20 working days of each request, but that deadline is extended by no more than 10 working days if there are "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii).

7. On April 8, 2021, Citizens United submitted a FOIA request, online, to Defendant. *See* Exhibit A. The request sought:

> All emails, letters, and/or memos sent to or from or drafted by the following Department of State employees: Representative of the United States of America to the United Nations, Ambassador Linda Thomas-Greenfield; Deputy Representative of the United States of America to the United Nations, Ambassador Richard M. Mills, Jr.; United States Mission to the United Nations Chief of Staff Jennifer Davis; United States Mission to the

United Nations Director of Communications Oliva Dalton; Chargé d'Affaires at the US Embassy in Beijing Robert W. Forden; Acting Deputy Chief of Mission at the US Embassy in Beijing William Klein; Counselor for Public Affairs at the US Embassy in Beijing Jeffrey Loree; Acting Assistant Secretary, Bureau of East Asian and Pacific Affairs, Sung Kim; Deputy Assistant Secretary for the Office of Public Affairs and Public Diplomacy, Bureau of East Asian and Pacific Affairs, Richard Buangan; Executive Director, Bureau of East Asian and Pacific Affairs, G. Kathleen Hill; Principal Deputy Assistant Secretary, Bureau of East Asian and Pacific Affairs, Atul Keshap; Deputy Assistant Secretary, Bureau of East Asian and Pacific Affairs, Dr. Jung H. Pak; Department Spokesperson Ned Price; Deputy Spokesperson John T. Ice; and/or Principal Deputy Spokesperson Jalina Porter including the following terms: Report of the WHO-China Joint Mission on Coronavirus Disease 2019; Dr. Tedros Adhanom Ghebreyesus; World Health Organization; WHO; WHO-Convened; COVID; Origin; Wuhan; Lab; and/or Lab Leak.

The time period covered by the FOIA request was February 1, 2021 to April 8, 2021.

8. Citizens United, as a member of the media, requested expedited processing of this FOIA request. *See* Exhibit A.

9. The State Department acknowledged receipt of the FOIA request on the date of its submission. *See* Exhibit B.

10. In an email dated April 9, 2021, Defendant again acknowledged receipt of Citizens United's FOIA request, assigned the request Case Control Number F-2021-04802, and informed Citizens United that the request did not warrant expedited processing. *See* Exhibit C.

11. When left to their own devices, State Department bureaucrats in the past have taken over three years to respond to Citizens United's FOIA requests. Such extensive delays are in clear violation of both the letter and the spirit of FOIA.

12. Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(iii), Citizens United is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

13. With regard to Citizens United's FOIA request, the statutory deadline has passed, and Defendant has failed to provide a substantive response to the FOIA request. In fact, as of the date of this Complaint, Defendant has failed to produce a single responsive record or assert any claims that responsive records are exempt from production.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

14. Plaintiff realleges paragraphs 1 through 13 as though fully set forth herein.

15. Defendant has failed to make a determination regarding Citizens United's April 8, 2021 FOIA request for records (F-2021-04802) within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

16. Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Citizens United requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to Citizens United's FOIA request and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Citizens United's requests;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Citizens United's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to Citizens United's FOIA request;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

        */s/ Jeremiah L. Morgan*
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
Robert J. Olson
(D.C. Bar No. 1029318)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

*Counsel for Plaintiff*
CITIZENS UNITED

Dated: June 21, 2021