UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS UNITED,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF STATE,<br><br>    Defendant. | Civil Action No. 21-1662 (CRC) |

**JOINT STATUS REPORT**

  Plaintiff, Citizens United, and Defendant, the United States Department of State, by undersigned counsel, respectfully submit this joint status report pursuant to the Court's minute order dated July 5, 2024.

  1. This is a Freedom of Information Act ("FOIA") case. Plaintiff filed its complaint on June 21, 2021, and the Department of State timely answered on August 5, 2021. The case concerns a FOIA request from Plaintiff to the Department of State seeking records regarding the origins of COVID-19.

  2. On August 13, 2024, the Department issued a production to Plaintiff that consisted of twelve (12) responsive records, all of which were released in part and withheld in part pursuant to FOIA exemptions. On September 24, 2024, the Department reviewed three (3) additional responsive records, one of which it processed and released in part and withheld in part subject to applicable FOIA exemptions. The Department referred the two other responsive records to other federal agencies for direct response to Plaintiff, and the referrals are subject to evaluation by the agencies pursuant to 22 C.F.R. § 171.11(d)(2)-(3). The foregoing satisfied the Department's

processing rate commitment. The Department currently anticipates making its next production to Plaintiff by November 5, 2024.

    3.      After the September 24, 2024, production, the Department advises that there are:

        a. Twenty-nine (29) potentially responsive unclassified records outstanding, consisting of approximately 447 pages[1] of potentially responsive material; and

        b. Forty-two (42) potentially responsive classified records outstanding, consisting of approximately 327 pages of potentially responsive material.

    4.      The Department estimates that it will complete the processing and release, as appropriate, of responsive, non-exempt records by December 2025.

    5.      The Department is continuing to review and process potentially responsive records as described below.

## Prior Agreements

    6.      The Department will continue to make rolling productions every six weeks until processing is complete with a good faith effort to process 450 pages per production cycle. With respect to Plaintiff's request that the Department provide the exact number of pages processed each production cycle, as a means of providing further transparency concerning the Department's satisfaction of its good faith effort to process an average of 450 pages every six weeks, the

---

[1] The Department acknowledges that it reported on July 2, 2024, that thirty-four (34) potentially responsive unclassified records, consisting of 267 pages of material, remained outstanding. However, the Department recently determined that when Department personnel originally uploaded the search data into the document review platform, a number of native files failed to convert into a format readable by the software. A manual conversion of these native files was required since the last joint status report, which resulted in the addition of 10 records and 368 pages of potentially responsive material that will require review.

Department has agreed to report the number of potentially responsive records and approximate number of pages processed during each production cycle in its production letters going forward.

7. The parties have conferred about narrowing the scope of the FOIA request and reached the following agreements:

    a. Plaintiff has agreed that records that do not relate to the origins of Covid-19 shall be deemed nonresponsive to the request.

    b. Plaintiff has agreed that publicly available records shall be deemed nonresponsive to the request.

    c. The parties have agreed that records from the month of February 2021 shall be deemed nonresponsive to the request. Documents that appear undated are treated as falling within the updated date range for the request (i.e., March 1, 2021 to April 8, 2021).

    d. With respect to the classified records, the parties have agreed to narrow the scope of the request as follows: (a) eliminating the month of February 2021, by narrowing the date range from February 1, 2021 through April 8, 2021, to March 1, 2021 through April 8, 2021; and (b) eliminating four of the fourteen custodians—Sung Kim, G. Kathleen Hill, Atul Keshap, and Jung H. Pak.

    e. Plaintiff has agreed that the following categories of documents shall be deemed nonresponsive to the request: (1) daily press compilations of news clippings (e.g., State Department News Clips, Morning Twitter Roundup); (2) newsletters/compilations of news clippings from non-USG sources (e.g., Coronavirus Daily Brief, National Security News and Commentary); and

   (3) Department press releases/press briefings (final versions that are being publicly released).

*   *   *

8. The parties propose to file another status report on or before January 8, 2025, to update the Court on the status of the FOIA request.

Dated: October 2, 2024
   Washington, DC

/s/ *Jeremiah Morgan*
Jeremiah Lee Morgan
D.C. Bar No. 1012943
WILLIAM J. OLSON, P.C.
370 Maple Avenue West
Suite 4
Vienna, VA 22180
(703) 356-5070
Fax: (703) 356-5085
Email: jmorgan@lawandfreedom.com

*Counsel for Plaintiff*

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ *Christina O'Tousa*
  CHRISTINA O'TOUSA, D.C. Bar #241667
  Assistant United States Attorney
  601 D Street, NW
  Washington, DC 20530
  (202) 252-2437
  christina.o'tousa@usdoj.gov

*Attorneys for the United States of America*